FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 26 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
LUIS ORTIZ

              Petitioner,

       - against -

ROBERT ERCOLE, Superintendent, Green Haven
Correctional Facility,

              Respondent.
----------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

07-CV-4667-ENV

**VITALIANO, D.J.**

On February 4, 2004, *pro se* petitioner Luis Ortiz was convicted by a jury of murder in the second degree, N.Y. Penal Law § 125.25[1], and criminal possession of a weapon in the fourth degree, N.Y. Penal Law § 265.01[2]. On March 9, 2004, he was sentenced by the Supreme Court, Kings County to concurrent prison terms of 20 years to life for the murder count and one year on the weapon possession count. Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing solely that the trial court, following a Dunaway hearing, incorrectly denied his motion to suppress his post-arrest statements to the police because the arrest was not supported by probable cause.[1]

The Court need not delineate petitioner's criminal conduct or the history of his trial, since his claim that the state courts violated his rights under the Fourth Amendment is simply not cognizable in a post-conviction federal habeas proceeding.

---

[1] A pretrial hearing held pursuant to Dunaway v. New York, 442 U.S. 200, 99 S. Ct. 2248 (1979), is used to determine whether probable cause existed for a criminal defendant's arrest. The Supreme Court recognized that statements given by a suspect who is arrested without probable cause must be suppressed pursuant to the Fourth Amendment's "exclusionary rule." Id. at 216-18.

A federal court's authority to review a Fourth Amendment claim in a § 2254 application is severely limited. In <u>Stone v. Powell</u>, 428 U.S. 465, 482, 96 S. Ct. 3037, 3046 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." See <u>Palacios v. Burge</u>, 589 F.3d 556, 561 (2d Cir. 2009) (noting that <u>Stone</u> "bars us from considering Fourth Amendment challenges raised in a petitioner's petition for habeas relief"); <u>Graham v. Costello</u>, 299 F.3d 129, 134 (2d Cir. 2002) (explaining that <u>Stone</u>'s "bar to federal habeas review of Fourth Amendment claims is permanent and incurable" unless the state fails to provide "a full and fair opportunity to litigate the claim"). To demonstrate the requisite lack of opportunity, petitioner must show that the state either (a) "has provided no corrective procedures at all to redress the alleged Fourth Amendment violations", or (b) "has provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." <u>Capellan v. Riley</u>, 975 F.2d 67, 70 (2d Cir. 1992); see <u>Grayson v. Artus</u>, 08-CV-0493, 2010 U.S. Dist. LEXIS 7870, at *17-*18 (E.D.N.Y. Feb. 1, 2010); <u>Daniels v. New York</u>, 07-CV-0448, 2009 U.S. Dist. LEXIS 74889, at *34 (E.D.N.Y. Aug. 21, 2009).

Neither situation exists here. As an initial matter, petitioner fails to satisfy the first prong because "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.* . . . as being facially adequate." <u>Capellan</u>, 975 F.2d at 70 n.1 (internal quotation marks and citations omitted); see <u>Brewster v. New York</u>, 08-CV-4480, 2010 U.S. Dist. LEXIS 4660, at *31 (E.D.N.Y. Jan. 21, 2010); <u>Goodwin v. Duncan</u>, 03-CV-0031, 2009 U.S. Dist. LEXIS 102964, at *15 (W.D.N.Y. Aug. 11,

2009). Nor can petitioner demonstrate an "unconscionable breakdown", such as "the hearing judge fail[ing] to make a reasoned inquiry," Angeles v. Greiner, 267 F. Supp. 2d 410, 417 (E.D.N.Y. 2003), "yield[ing] to mob intimidation of the jury" or "not provid[ing] rational conditions for inquiry into federal-law . . . questions." Capellan, 975 F.2d at 70. On the contrary, petitioner took full advantage of the New York procedures, participating in a pre-trial Huntley/Wade/Dunaway evidentiary hearing which included witness testimony and cross-examination.[2] (See Transcript of Hearing, July 15 & 16, 2003, Indict. No. 6937/02 (Kings County Ct. 2003).) Petitioner also raised the suppression issue on direct appeal to the Appellate Division, Second Department, which held that the "hearing court properly determined that the police had probable cause to arrest" and therefore "correctly refused to suppress incriminating statements that the defendant made at the police precinct after his arrest." People v. Ortiz, 31 A.D.3d 580, 580, 817 N.Y.S.2d 671, 672 (2006).[3] Petitioner's "mere dissatisfaction or disagreement with the outcome of [his] suppression motion is not sufficient to establish that an 'unconscionable breakdown' occurred" in violation of his Fourth Amendment rights. Goodwin, 2009 U.S. Dist. LEXIS 102964, at *16-*17 (citing Capellan, 975 F.2d at 71; Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977)).

As there can be no doubt that Ortiz had a full and fair opportunity to litigate his suppression claim in the New York courts, this Court is without authority to relitigate the issue on habeas review. See, e.g., Ramdeo v. Phillips, 04-CV-1157, 2007 U.S. Dist. LEXIS 49483, at

---

[2] A Huntley hearing is used in New York to suppress statements made to law enforcement on the ground that the statement was coerced or that defendant was never advised of the constitutional right to remain silent. See People v. Huntley, 15 N.Y.2d 72,, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965). A Wade hearing is used to suppress evidence of identification of the defendant on the ground that the pretrial identification procedure was suggestive. See United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926 (1967).

[3] The New York Court of Appeals subsequently denied petitioner leave to further appeal the suppression issue. People v. Ortiz, 7 N.Y.3d 86, 824 N.Y.S.2d 614, 857 N.E.2d 1145 (2006).

*71-*74 (E.D.N.Y. July 9, 2007) (denying habeas relief for alleged Dunaway violation since petitioner "failed to show a lack of State corrective procedures or a breakdown in the underlying process"); Simpson v. West, 05-CV-2279, 2006 U.S. Dist. LEXIS 31133, at *15-*16 (E.D.N.Y. May 18, 2006) (denying habeas relief on Stone v. Powell grounds because "[p]etitioner had a full and fair opportunity to litigate this claim in the state court Dunaway/Huntley/Mapp hearing").

## Conclusion

In line with the foregoing, Ortiz's petition for a writ of habeas corpus is dismissed with prejudice and the writ is denied. Since Ortiz has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
April 23, 2010

ERIC N. VITALIANO
United States District Judge